UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

       - against -                   22 Cr. 185 (JGK)

IVAN MORGAN,                      ORDER
                     Defendant.
_____

JOHN G. KOELTL, District Judge:

    This Order is entered, pursuant to Federal Rule of Criminal
Procedure 5(f) and the Due Process Protections Act, Pub. L. No
116-182, 134 Stat. 894 (Oct. 21, 2020), to confirm the
Government's disclosure obligations under Brady v. Maryland, 373
U.S. 83 (1963), and its progeny, and to summarize the possible
consequences of violating those obligations.

    The Government must disclose to the defense all information
"favorable to an accused" that is "material either to guilt or
to punishment" and that is known to the Government. Id. at 87.
This obligation applies regardless of whether the defendant
requests this information or whether the information would
itself constitute admissible evidence. The Government shall
disclose such information to the defense promptly after its
existence becomes known to the Government so that the defense
may make effective use of the information in the preparation of
its case.

    As part of these obligations, the Government must disclose
any information that can be used to impeach the trial testimony

of a Government witness within the meaning of Giglio v. United States, 405 U.S. 150 (1972), and its progeny. Such information must be disclosed sufficiently in advance of trial in order for the defendant to make effective use of it at trial or at such other time as the Court may order.[1]

The foregoing obligations are continuing ones and apply to materials that become known to the Government in the future. These obligations also apply to information that is otherwise subject to disclosure regardless of whether the Government credits it.

In the event the Government believes that a disclosure under this Order would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, it may apply to the Court for a modification of its obligations, which may include in camera review or withholding or subjecting to a protective order all or part of the information otherwise subject to disclosure.[2]

For purposes of this Order, the Government has an affirmative obligation to seek all information subject to disclosure under this Order from all current or former federal,

---

[1] This Order does not purport to set forth an exhaustive list of the Government's disclosure obligations.
[2] The Classified Information Procedures Act sets forth separate procedures to be followed in the event that the Government believes matters relating to classified information may arise in connection with the prosecution.  See 18 U.S.C. app. 3 §§ 1 et seq.

state, and local prosecutors, law enforcement officers, and other officers who have participated in the prosecution, or investigation that led to the prosecution, of the offense or offenses with which the defendant is charged.

If the Government fails to comply with this Order, the Court, in addition to ordering production of the information, may:

(1)    specify the terms and conditions of such production;

(2)    grant a continuance;

(3)    impose evidentiary sanctions;

(4)    impose contempt or other sanctions on any lawyer responsible for violations of the Government's disclosure obligations, or refer the matter to disciplinary authorities;

(5)    dismiss charges before trial or vacate a conviction after trial or a guilty plea; or

(6)    enter any other order that is just under the circumstances.

**SO ORDERED.**

Dated:  **April 5, 2022**
           **New York, New York**

_____
John G. Koeltl
**United States District Judge**

3